1  BEAUGUREAU, HANCOCK,
   STOLL & SCHWARTZ, P.C.
2  302 East Coronado Road
   Phoenix, Arizona 85004
3  (602) 956-4438

4  Amy Schwartz (#005558)
   aschwartz@bhsslaw.com
5  Shimin Luo (#022570)
   sluo@bhsslaw.com
6  Attorneys for Applicant Nupoint Funding, LLC

```
FILED
CLERK, U.S. DISTRICT COURT

JAN 29 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                    IN AND FOR THE COUNTY OF PINAL

10                                    )   No.   C201303019
                                      )
11                                    )   **NOTICE OF HEARING ON**
                                      )   **PROPOSED TRANSFER OF**
12  In Re:  Approval of Transfer of Structured   )   **STRUCTURED SETTLEMENT**
    Settlement Payment Rights by CHRISTOPHER )   **PAYMENT RIGHTS PURSUANT TO**
13  COVIN, Transferor,                )   **A.R.S. §12-2901** *et seq.*
                                      )
14                 Applicant.         )
                                      )
15                                    )   (Assigned to the Honorable Lawrence
                                      )   Wharton)
16  _____ )

17         COMES  NOW  Nupoint  Funding,  LLC,  Transferee,  by  and  through  its  attorneys

18  Beaugureau, Hancock, Stoll & Schwartz, P.C., upon its "Application for Court Approval of a

19  Transfer of Structured Settlement Payment Rights" pursuant to Arizona Structured Settlement

20  Transfer Act, A.R.S. §12-2901 *et seq.*  (hereafter, "the Act"), and hereby notifies the interested

21  parties that a hearing will be held *on January 28, 2014 at 1:30 p.m.*, or as soon thereafter as the

22  matter may be heard, the Honorable Lawrence Wharton, presiding, Pinal County Superior Court,

23  971 North Jason Lopez Circle, Bldg. A, Florence, Arizona   85232, for the purpose of

24  determining why said Application should not be granted pursuant to A.R.S. §12-2901 *et seq.*

Doc 132121

1    NOTICE: Attached hereto are:

2    1.    Application for Transfer of Structured Settlement Payment Rights, including:

3         a.    Copy of Transfer Agreement;

4         b.    Copy of Disclosure Statement Required under A.R.S. §12-2902; and

5         c.    List of Dependents of Christopher Covin.

6    Any interested party is entitled to support, oppose or otherwise respond to the Application,

7    either in person or by counsel, by submitting written comments to the Court or other responsible

8    administrative authority or by participating in the hearing. Any written responses to the

9    Application must be filed with this court in order to be considered by it. An interested party has

10   at least fifteen days after service of this Notice in which to respond.

11        DATED this __7__ day of January, 2014.

12                                        BEAUGUREAU, HANCOCK,
                                          STOLL & SCHWARTZ, P.C.
13

14                                        By: _Amy Schwartz_____
                                              Amy Schwartz, Esq.
15                                            Shimin Luo, Esq.
                                              302 East Coronado Road
16                                            Phoenix, Arizona 85004
                                              Attorneys for Nupoint Funding, LLC
17

     COPY of the foregoing mailed
18   this 7th day of January, 2014, to:

19   The Honorable Lawrence Wharton
     Judge of the Superior Court
20   971 North Jason Lopez Circle, Bldg. A
     Florence, Arizona 85232

21

22

23

24

                                          2

1 | COPY of the foregoing sent via certified
Mail this 7th day of January, 2014 to:

2

3 | Union Fidelity Life Insurance Company
P. O. Box 6158
Lynchburg, VA 24505

4

5 | Federal Home Life Insurance Company
3100 Albert Lankford Dr.
Lynchburg, VA 24505

6

7 | United States District Court
Central District of California
312 North Spring Street

8 | Los Angeles, CA 90012-4701

9 | COPY of the foregoing sent via certified
mail and first class mail this 7th day

10 | of January, 2014, to:

11 | Christopher Covin
812 West Gibson Avenue

12 | Coolidge, AZ  85128

13

14 | Connie Webster

15

16

17

18

19

20

21

22

23

24

3

1  BEAUGUREAU, HANCOCK,
   STOLL & SCHWARTZ, P.C.

FILED PINAL COUNTY
SUPERIOR COURT
CHAD A. ROCHE

DEC 1 1 2013

2  302 East Coronado Road
   Phoenix, Arizona 85004
3  (602) 956-4438

4  Amy Schwartz (#005558)
   aschwartz@bhsslaw.com
5  Shimin Luo (#022570)
   sluo@bhsslaw.com
6  Attorneys for Applicant Nupoint Funding, LLC

7          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8               IN AND FOR THE COUNTY OF PINAL

9                                        ) No. CV2 01 303 019
                                         )
10 In Re:  Approval of Transfer of Structured   )   APPLICATION FOR COURT
   Settlement Payment Rights by CHRISTOPHER )   APPROVAL OF A TRANSFER OF
11 COVIN, Transferor,                      )   STRUCTURED SETTLEMENT
                                         )   PAYMENT RIGHTS
12             Applicant.                   )
                                         )   (A.R.S. §12-2901 et seq.)
13 _____)   LAWRENCE M. WHARTON

14       COMES NOW Nupoint Funding, LLC, Transferee, ("Nupoint Funding") by and through its

15 attorneys Beaugureau, Hancock, Stoll & Schwartz, P.C., pursuant to the Arizona Structured

16 Settlement Transfer Act, A.R.S. §12-2901 et seq. (hereafter, "the Act"), and states as follows:

17       1.     Transferor, Christopher Covin ("Covin") is an adult individual, who resides in

18 Pinal County, State of Arizona.

19       2.     When he was a minor, Covin was involved in a personal injury action, which was

20 resolved by his conservator, by the personal injury defendant's purchase of an annuity providing for

21 the payment of certain periodic settlement payments.  Upon information and belief, the settlement

22 was approved by the United States District Court Central District of California, Case Number

23 CV89-1032HLH.

24

Doc 131992

3. The structured settlement annuity issuer is:

> Union Fidelity Life Insurance Company
> PO Box 6158
> Lynchburg, VA 24505

4. The structured settlement obligor is:

> Federal Home Life Insurance Company
> 3100 Albert Lankford Dr.
> Lynchburg, VA 24505

3. Transferor and Nupoint Funding have entered into a contract for the sale of the following portion of Transferor's structured settlement payments: one (1) lump sum payment of $75,000.00 due December 27, 2017, which is a portion of a larger payment (the "Assigned Payment"), in exchange for a net purchase price of $49,500.00 by Nupoint Funding to Covin. A true and correct copy of the "Purchase & Sale Agreement" ("Agreement") for said purchase is attached hereto as Exhibit "A."

4. The Arizona Legislature has enacted A.R.S. §12-2901 *et seq.*, establishing conditions and procedures for the transfer of structured settlements, and approval by the Court of such transfers.

5. Nupoint Funding provided Covin with a copy of the Disclosure Statement required by A.R.S. §12-2902(B)(2), as well as copies of the Disclosure Statements required by the laws of the states of Illinois and Virginia, collectively attached hereto as Exhibit "B," and fully incorporated by reference herein, more than three days before he signed the Agreement.

6. Covin has no legal dependents. (List of Dependents, attached hereto as Exhibit "C").

7. The transfer is in the best interests of Covin, for all the reasons set forth in his Payee Declaration, attached hereto as Exhibit "D", and his Affidavit, attached hereto as Exhibit "E."

8.      Covin has been advised by Nupoint Funding in writing to seek independent professional advice and he has waived said advice in writing. (Waiver of IPA, to be filed under separate cover.)

9.      The transfer of Covin's structured settlement payment complies with the requirements of A.R.S. §12-2901 *et seq.*, (hereafter "the Act") and would not contravene any applicable law or statute or the order of any court or other government authority. (Transferee's Declaration attached hereto as Exhibit "F".)

10.     Pursuant to A.R.S. §12-2904(C), the Agreement provides, in Paragraph F, that any disputes under the Agreement shall be determined in and under the laws of the State of Arizona.

11.     Venue is appropriate in Pinal County pursuant to A.R.S. §12-2903.

12.     The Payee Declaration and Transferee Declaration required by Rule 70.1 of the Arizona Rules of Civil Procedure are attached hereto as Exhibits "D" and "F," respectively.

WHEREFORE, Nupoint Funding, LLC, hereby respectfully moves this Court to schedule a hearing in accordance with A.R.S. §12-2903; and to thereafter enter an order approving the "Purchase & Sale Agreement" attached hereto, based upon its findings as required under the Act.

DATED this _10_ day of December, 2013.

BEAUGUREAU, HANCOCK,
STOLL & SCHWARTZ, P.C.

By: *Amy Schwartz*
  Amy Schwartz, Esq.
  302 East Coronado Road
  Phoenix, Arizona 85004
  Attorneys for Nupoint Funding, LLC

EXHIBIT "A"

# Purchase & Sale Agreement
## (the "Agreement")
November 20, 2013

I, Christopher Covin ("I", "Me, "Your" or "Assignor"), residing at 812 West Gibson Avenue, Coolidge, AZ 85128 am entitled to certain settlement payments (the "Periodic Payments"), which I am receiving as the result of the settlement of a personal injury claim. The terms of the settlement are set forth in an agreement (the "Settlement Agreement"). The Periodic Payments are due to me from Federal Home Life Insurance Company (the "Settlement Obligor"). The Settlement Agreement provides for the Periodic Payments to be paid to me through an annuity issued by Union Fidelity Life Insurance Company (the "Annuity Issuer"), Annuity Contract Number 256462537A.

A.    I agree to sell to NuPoint Funding LLC ("Assignee") through an assignment, all of my rights to and interest in the following payments, which I am due to receive under the Settlement Agreement: One (1) payment in the amount of Seventy Five Thousand Dollars ($75,000.00) commencing on or about December 27, 2017 (the "Assigned Payments").

In return for selling and assigning to you my rights to receive these payments, you shall pay me the sum of: $49,500.00 (the "Assignment Price").

B.    In order to induce you to proceed with this transaction, I make to you the following unconditional representations, warranties and promises:

    1.    No one other than me has any interest or claim of any kind or nature in, to or under the Assigned Payments.

    2.    I am not indebted to anyone that would in any way affect either the assignment of the Assigned Payments referenced above or your absolute rights to receive the Assigned Payments.

    3.    I agree to conduct my affairs so as to ensure that you receive these payments exactly in the amounts, and exactly at the times stated in paragraph A above.

C.    I understand and agree that I will be in breach of this Absolute Assignment Agreement if:

    1.    Any of the representations set forth in Paragraphs B (1) and B (2) at any time turn out to be untrue.

    2.    I fail to perform the promise set forth in Paragraph B (3) above.

3.      Either the Settlement Obligor or the Annuity Issuer refuses or fails to make any one or more of the Assigned Payments as a result of any act by me, my estate, my representatives, or any of my heirs.

4.      I fail to promptly forward to Assignee any of the Assigned Payments that might be received by me from the Settlement Obligor or Annuity Issuer after the Assignment to Assignee has been completed.

5.      I fail to fulfill any other obligation of mine under this Agreement.

D.    Your obligation to complete this transaction and to pay me the Assignment Price depends upon the following conditions being satisfied, unless waived by you.

1.      You shall be satisfied, in your sole reasonable judgment, that there are no claims or interests of any kind or nature that do or could affect your rights to or interest in the Assigned Payments and/or prevent or interfere with your receipt of the Assigned Payments on the dates and in the amounts described above in Paragraph A, exactly in such amounts and at the times set forth therein.

2.      You have received a final non-appealable court order and/or a signed acknowledgment from the Settlement Obligor and Annuity Issuer (collectively referred to as the "Order"), which you, in your sole judgment, consider sufficient to recognize, authorize, and provide for the transfer by assignment of the Assigned Payments (which may continue to be made out to my name) to you, and to insure that the Periodic Payments due on or after the day of the Order will be forwarded directly to Assignee.

3.      Assignee shall have received final funding approval from applicable funding source(s).

E.    **Security Interest.**  You and I intend this Agreement to create a security interest in the rights to and interest in payments due to me under the Settlement Agreement which I am assigning to you under this Transfer Agreement as "General Intangibles" to the extent permitted under that version of Article 9 of the Uniform Commercial Code (governing "Secured Transactions") that is in effect in the state designated in Paragraph F below.  This Agreement shall also function as a security agreement.  This security interest secures payment of the rights assigned by me to you and the performance of my obligations under Paragraph B above. I authorize you to direct any account debtor or obligor on an instrument, including, without limitation, the Settlement Obligor or Annuity Issuer, to make periodic payments directly to you and as contemplated by the Uniform Commercial Code.  You (Assignee) are authorized to file a UCC-1 Financing

Statement to perfect Assignee's rights and the security interest intended to be created under this Agreement.

F.    Except as otherwise required by applicable statutory law, this Agreement shall be governed by and interpreted in accordance with the laws of my state of residence on the date of this Agreement.

G.    The court approving the transfer agreement retains continuing jurisdiction to interpret and monitor implementation of the agreement as justice may require.

H.    I hereby grant to you an Irrevocable Power of Attorney with full powers of substitution to do all acts and things that I might do regarding the Assigned Payments, and any and all rights I have under the Settlement Agreement. I understand and intend that by doing so, I am giving to you all of the power and right I currently have under the Settlement Agreement to endorse checks, drafts or other instruments, to alter, edit and change payment instructions and/or beneficiary designations, and/or to perform any other act in my name that, in your sole judgment as my Attorney-in-Fact, you feel is necessary or expedient for you to obtain all of the benefits of the bargain contemplated by this transaction. This power of attorney is coupled with an interest and shall survive my death or disability.

I.    Payments Received by the Party Other Than the Party Intended to Receive the Payments.

1.    If, prior to the completion of the transfer provided for in this Agreement, I receive any of the Assigned Payments or any portion thereof, I understand and agree an equal amount shall be deducted from the Assignment Price, and the Assignment Price shall be reduced in the same amount as these payments, and that the terms of this Agreement regarding the payments to be assigned, shall be treated as amended to reflect for the adjusted amount.

2.    In the event you receive or otherwise come into possession of any of the Periodic Payment(s) or portion(s) of such a payment or payments that are not included in the payments being absolutely assigned to you, you agree to forward such amount(s) to me at the address set forth above within seven (7) days of receipt of such amount(s).

J.    You shall be entitled to, and are authorized by me to discharge any liens or adverse claims against me or any of the Assigned Payments, whether or not such adverse claims are disclosed, and you are further authorized by me, provided you provide me with prior written notice, to pay any and all amounts necessary or, if the Assignment Price has been deposited into an escrow account, to instruct the escrow agent to pay any and all amounts necessary to

discharge such liens or other adverse claims. I understand and agree that any such amounts that you pay are payments you are making on my behalf and shall be charged against and reduce what I actually receive out of the proceeds of the Assignment Price.   Adverse claims may include, but are not limited to the disclosed amounts to be deducted by you from the Assignment Price to pay for the release of any encumbrance on any portion of the Assigned Payments relating to a prior transfer transaction(s) that occurred before the enactment of any statute ("Transfer Act") regulating such transfers. I understand and acknowledge that the law now in effect may require that such encumbrance be released in order to complete the transfer that is the subject of this Agreement.

K.      This Agreement shall take effect on the date it is signed by me (the Assignor) or on such later date prescribed by applicable statutory law.

L.      All disclosure statements I receive from Assignee in connection with this transaction are to be considered as incorporated into, and form part of the terms of this Agreement and shall be read as if the contents of the disclosure statements were set forth in full in the body of this agreement.

M.      I know that it will take some time for the Settlement Obligor and the Annuity Issuer to receive and process the court order once it is granted. I would like to receive the Assignment Price or a portion thereof as soon as possible thereafter.  Accordingly, I hereby request Assignee to pay me a portion of the Assignment Price as soon as possible after the court order is granted and authorize you to hold in escrow an amount you deem necessary or advisable from the Assignment Price (the "Escrow Amount") until all conditions precedent have been satisfied, including without limitation, the receipt by you of the Settlement Obligor and Annuity Issuer's acknowledgement of the terms of the court order in writing and their agreement to honor and comply with same. At such time or earlier as you may determine, I understand that you will send the Escrow Amount to me minus any Assigned Payments that the Annuity Issuer and/or Settlement Obligor sent to me while the Settlement Obligor and the Annuity Issuer were processing the court order.

N.      I have the right to cancel this Agreement, without penalty or further obligation, within the first three (3) business days after the date of the Agreement is signed, by providing you with written notice within the three (3) day period, as provided for in the next paragraph.

O.      All notices, demands, and other communications required or permitted under this transfer agreement must be made in writing, and delivered by hand, by United States Post Office, Certified Mail, Return Receipt Requested, or by overnight delivery service, to Assignee or me as the recipient at the address set forth in the beginning of this Agreement, and must be evidenced by a receipt showing time, date of delivery and the person receiving the delivery.

In witness whereof I hereunto set my hand.

_Christopher Covin_
Christopher Covin

STATE OF _ARIZONA_
COUNTY OR CITY OF _PINAL_

On the _21_ day of _Nov_, in the year _2013_ before me, the undersigned, personally appeared Christopher Covin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

OFFICIAL SEAL
LINDA McCULLOUGH
NOTARY PUBLIC - State of Arizona
PINAL COUNTY
My Commission Expires April 21, 2014

_Linda McCullough_
Notary

My Commission expires on _04/21/2014_

Accepted:

NuPoint Funding, LLC

Title: President
Date: 11/25/13

EXHIBIT "B"

## ARIZONA TRANSFER DISCLOSURE
Payee: Christopher Covin

1. Amounts and due dates of the structured settlement payment to be transferred: One (1) payment in the amount of $75,000.00 on or about December 27, 2017

2. Aggregate amount of the payments: $75,000.00

3. Discounted present value of payments transferred (i.e. This is the calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities determined by applying the applicable federal rate of 2.0% as of November 15,2013): $69,077.71

4. The gross advance amount that is payable to the Payee in exchange for the payments: $47,584.00

5. An itemized listing of all applicable transfer expenses, other than attorneys' fees and related disbursements payable in connection with the transferee's application for approval of the transfer, and the transferee's best estimate of the amount of attorney fees and related disbursements: Processing Fees: WAIVED; Legal Fees: WAIVED

6. The net amount that is payable to the Payee after deduction of all commissions, fees, costs, expenses and charges listed in subdivision (5) of this paragraph: $47,584.00 minus any advances made to the Payee

7. Payee has the right to cancel the transfer agreement, without penalty or further obligation, not later than the 3rd (third) business day after the agreement is signed by the Payee

8. The amount of any penalty and the aggregate amount of any liquidated damages inclusive of penalties that are payable by the Payee in the event of any breach of the transfer agreement by the Payee: NONE

By signing below you are confirming that you received a copy of this disclosure statement at least 3 days prior to executing your transfer agreement.


_Christopher Covin_
**Christopher Covin**

_11/21/13_
Date

## ILLINOIS TRANSFER DISCLOSURE
Payee: Christopher Covin

1. Amounts and due dates of the structured settlement payment to be transferred: One (1) payment in the amount of $75,000.00 on or about December 27, 2017

2. Aggregate amount of the payments: $75,000.00

3. Discounted present value of payments transferred (i.e. This is the calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities determined by applying the applicable federal rate of 2.0% as of November 15, 2013): $69,077.71

4. Gross advance amount: $47,584.00

5. Itemized listing of all applicable transfer expenses, other than attorneys' fees and related disbursements payable in connection with the transferee's application for approval of the transfer, and the transferee's best estimate of the amount of any such fees and disbursements: Processing Fees: WAIVED

6. Net advance amount: $47,584.00 minus any advances made to the Payee

7. Amount of any penalties or liquidated damages payable by the Payee in the event of any breach of the transfer agreement by the Payee: NONE

8. Payee has the right to cancel the transfer agreement, without penalty or further obligation, not later than the 3rd (third) business day after the agreement is signed by the Payee

By signing below you are confirming that you received a copy of this disclosure statement at least 3 days prior to executing your transfer agreement.

_Christopher Covin_
Christopher Covin

11/21/13
Date

## VIRGINIA TRANSFER DISCLOSURE
Payee: Christopher Covin

1. Amounts and due dates of the structured settlement payment to be transferred: One (1) payment of $75,000.00 due on or about December 27, 2017

2. Aggregate amount of the payments: $75,000.00

3. Discounted present value of payments transferred (i.e. This is the calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities determined by applying the applicable federal rate of 2.0% as of November 15, 2013): $69,077.71

4. Gross advance amount: $47,584.00

5. Itemized listing of all applicable transfer expenses, other than attorneys' fees and related disbursements payable in connection with the transferee's application for approval of the transfer, and the transferee's best estimate of those expenses: Processing Fees: WAIVED

6. Estimate of attorneys' fees: WAIVED

7. Net amount payable: $47,584.00 minus any advances made to the Payee

8. Amount of any penalties or liquidated damages payable by the Payee in the event of any breach of the transfer agreement by the Payee: NONE

9. Payee has the right to cancel the transfer agreement, without penalty or further obligation, not later than the 3rd (third) business day after the agreement is signed by the Payee

By signing below you are confirming that you received a copy of this disclosure statement at least 3 days prior to executing your transfer agreement.

*Christopher Covin*
Christopher Covin

11/21/13
Date

EXHIBIT "C"

# LIST OF DEPENDENTS FOR

# CHRISTOPHER COVIN

(Dependent's include spouse and minor children and all other family members and other persons for whom an individual is legally obligated to provide support, including alimony)

I have dependents as listed in the table below:

| Name | Relationship | D/O/B | Age |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Please sign one of the following:

This is a complete listing of my dependents: _____    Date: _____

OR

I have no dependents: *Christopher*    Date: 11/21//13

D

**EXHIBIT "D"**

## Payee's Declaration in Support of
## Application to Transfer Structured Settlement Payment Rights

I, Christopher Covin, the Payee, declare:

1.  **Payee's name, address and age:**

    My name is Christopher Covin. I currently reside at 812 West Gibson Avenue, Coolidge, AZ 85128. I am 25 years old.

2.  **Marital Status:**

    ___x___ Never Married; ____ Married; ____ Divorced; ___ Widowed

    If married or separated, name of spouse: _____.

3.  **Minor children and other dependents:** I have zero minor children or other dependents.

    Names, ages, and places of residence:

    ____N/A_____.

4.  **Income:**

    (A)    Payee's monthly income and sources:  Total monthly income is $1,850.00. I receive $850.00 per month from my Job at Footlocker and $1,000.00 per month from my Annuity.

    (B)    If presently married, spouse's monthly income and sources:_____

    ___N/A_____.

5.  **Child support or Spousal Support:**

    Obligation to pay:    _____ Yes    ___x___ No

    (A)    If yes, state the amount of the obligation, to whom payable, and whether there are arrearages:

    _____N/A_____.

    (B)    State the jurisdiction and name of the court that entered the order, the case number of the action in which the order was entered, the parties to such action, and the date when the order was entered:

    _____N/A_____.

6.      **Prior Orders:**

Are you, the Payee, are subject to any orders in any civil, probate, or criminal case which requires you, the Payee, to pay money to any person:

_____Yes ___x___ No

If yes, for each such order state (use attachment if necessary):

(A)     The amount of the obligation, to whom it is payable, and whether there     are     arrearages,     and,     if     so,     the     amount:
___N/A_____.

(B)     The jurisdiction and name of the court that entered the order, the case number of the action in which the order was entered, the parties to such action,     and     the     date     when     the     order     was     entered:
___N/A_____.

7.      **Previous transfer(s):**

Have you previously filed an application to any court or responsible administrative authority for approval of a transfer of payment rights under the structured settlement that is the subject of this application:

___x___ Yes     _____ No

If yes, for each such application state (use attachment if necessary):

(A)     The jurisdiction and name of the court or responsible administrative authority that considered the application, the case number of the action in which the application was submitted, the parties to such action, and the date when the application was filed:

(B)     Whether the application was approved or disapproved, the dated of the order approving or disapproving the transfer:  and, if approved:

(i)     State the name of the transferee and the payment amount(s) and due dates of the payments involved in the transfer:  and

(ii)    State the amount of money you, the payee, received from the transferee for the transfer, if any, and the manner in which the money was used:

#1

(A) **Jurisdiction:** Judicial Branch of Arizona, Maricopa County; **Court:** Superior Court State of Arizona; **Case #:** CV2011-015475; **Parties:** Annuity Transfers, Ltd and Christopher Covin; **Date Submitted:** 8/23/2011

(B) Approved on 10/2/2011
  (i)    Annuity Transfers, Ltd; $125,000.00 lump sum payable on December 27, 2012
  (ii)   Amount received: $110,000.00; Used for: To purchase a home for mother.

#2

(A) **Jurisdiction:** Judicial Branch of Arizona, Maricopa County; **Court:** Superior Court State of Arizona; **Case #:** CV2012-012345; **Parties:** Annuity Transfers, Ltd and Christopher Covin; **Date Submitted:** 8/27/2012

(B) Approved on 9/26/2012
  (i)    Annuity Transfers, Ltd; 48 monthly payments of $850.00 from January 27, 2013 through and including December 27, 2016
  (ii)   Amount received: $31,000.00; Used for: Home renovations.

#3

(A) **Jurisdiction:** Judicial Branch of Pinal, Maricopa County; **Court:** Pinal County Superior; **Case #:** S-1100-CV-201300265; **Parties:** J.G. Wentworth Originations, LLC and Christopher Covin; **Date Submitted:** 2/4/2013

(B) Dismissed on 3/29/2013

#4

(A) **Jurisdiction:** Judicial Branch of Arizona, Pinal County; **Court:** Pinal County Superior; **Case #:** S-1100-CV-201300394; **Parties:** Annuity Transfers, Ltd and Christopher Covin; **Date Submitted:** 2/20/2013

(B) Approved on 4/1/2013
  (i)    Annuity Transfers, Ltd; $130,000.00 lump sum payable on December 27, 2017
  (ii)   Amount received: $94,000.00; Used for: To purchase a home for himself.

8.    **Other transfers:**

Have you, the payee, ever transferred payment rights under the structured settlement without court approval or the approval of a responsible administrative authority:  _____ Yes  _x_ No

If yes, for each such transfer state:

(A)    The name of the transferee and the payment amount(s) and due dates of the payments involved in the transfer:

_____N/A_____

_____ and;

(B)    The amount of money you, the payee, received from the transferee
for the transfer, if any, and the manner in which the money was used: _____

____N/A_____

_____

_____.

9.    **Reasons for transfer:**  Describe in detail your reasons for the proposed transfer
of payments rights and your plans for using the proceeds from the transfer:

I plan to use the proceeds of this transfer to pay for renovations of my home. The
renovations will include but are not limited to replacing the flooring with
hardwood, painting the home, and replacing some of the major appliances such as
the washer and dryer. I plan to use the remainder of the proceeds to purchase a
safe and reliable car and to cover the required tax, tag, and insurance required for
the car.

10.    **Payment of debts:**

If you intend to use the proceeds from the proposed transfer to pay debts, list the
amount of such debt, the name and address of the creditor to whom it is owed,
and, if applicable, the rate of interest which is accruing on such debt (use the back
or bottom of this page if you need more space):

Amount Owed          Creditor Name and Address                    Interest Rate

I declare under penalty of perjury that the foregoing is true and correct.

Christopher Conin                                     12/4/13
Signature                                             Date

Christopher Coin
Printed Name

E

**EXHIBIT "E"**

# AFFIDAVIT

I, Christopher Covin, being of full age, being duly sworn according to law, upon my oath depose and say:

1.      I currently reside at 812 West Gibson Avenue, Coolidge, AZ 85128.

2.      I am the recipient of certain guaranteed payments due under a structured settlement. The entity presently obligated to make the payments due under the structured settlement is Federal Home Life Insurance Company.  In order to fund its payment obligations under the terms of structured settlement, Federal Home Life Insurance Company purchased annuity contract number 256462537A from Union Fidelity Life Insurance Company.

3.      I voluntarily entered into a Purchase & Sale Agreement (the "Agreement") dated November 20, 2013 with NuPoint Funding, LLC ("NuPoint"). Under that Agreement, I agreed to sell and assign to NuPoint the following payments due to me under the terms of the structured settlement: One (1) payment in the amount of Seventy Five Thousand Dollars ($75,000.00) commencing on or about December 27, 2017 (the "Assigned Payments").

4.      I understand that I will forego receipt of the Assigned Payments under the Agreement. I understand that all of the Assigned Payments will to NuPoint, its successors and/or assigns. I understand and do not wish to exercise my right to cancel the transfer agreement.

5.      I also understand that this Affidavit is submitted for use in the court approval process initiated by NuPoint and myself to seek court approval of the transfer of payments to NuPoint.

6.      I also received from NuPoint Disclosure Statements detailing the terms of the Agreement, which I signed and returned to NuPoint. I carefully reviewed the Disclosure Statements and fully and completely understand all terms of the Disclosure Statements.

7.      In the Disclosure Statements, NuPoint advised me to seek professional advice regarding the Agreement from an attorney, accountant or other professional of my choice. I have either received said advice, intend to receive said advice or have waived my right to receive said independent professional advice regarding this transaction.

8.      I am 20 years old with zero dependents.

9.      I intend to use the proceeds I receive from NuPoint under the Agreement to finance renovations to his recently purchased home and to purchase a car. I estimate that I will use the proceeds as follows: $15,000.00 towards renovations which will include but are not limited to replacing the flooring with hardwood, painting the home, and to replacing some of the major appliances such as the washer and dryer. The remainder of the funds will be used to purchase a safe and reliable car and to pay for the tax, tags, and insurance for that car. I lack the ability to complete to finance the required renovations to my new home and to purchase a safe and reliable car without the proceeds I will receive from the proposed transfer with NuPoint.

10.     I will not be using any portion of the proceeds from the Agreement for day-to-day expenses. I have never assigned, sold or pledged any of the structured settlement payments that I am presently proposing to assign from the aforementioned structured settlement, to any party or entity. The proceeds that I will receive from the transfer will allow me to renovate my home that was purchased with my previous transaction and to obtain safe and reliable transportation.

Therefore, I have determined that completing this transaction with NuPoint is in my best interest and will improve my quality of life.

I understand that I am swearing under oath to the truthfulness of the statements made in this affidavit.

*Christopher Covin*
Christopher Covin

State of _Arizona_

County or City of _Pinal_

On the _21_ day of _Nov_ , in the year _2013_ before me, the undersigned, personally appeared Christopher Covin, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed this instrument.

*Linda McCullough*
Notary

My commission expires: _04/21/2014_

OFFICIAL SEAL
LINDA McCULLOUGH
NOTARY PUBLIC - State of Arizona
PINAL COUNTY
My Commission Expires April 21, 2014

EXHIBIT "F"

Transferee's Declaration in Support of
Application to Transfer Structured Settlement Payment Rights

I, Amanda Black, declare:

1.     After making reasonable inquiry, I am not aware of any prior transfers of structured settlement payment rights by the Payee, Christopher Covin, other than those disclosed in Payee's Declaration in support of Application.

2.     The Transferee has complied with its obligations under A.R.S. §12-2901, *et seq.*.

3.     To the best of Transferee's knowledge after making reasonable inquiry, the proposed transfer would not contravene any applicable law, statute, or the order of any court or other government or responsible administrative authority.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated this ___3rd___ day of __December__, __2013__

**BEAUGUREAU, HANCOCK,**
**STOLL & SCHWARTZ, P.C.**
ATTORNEYS
302 EAST CORONADO ROAD
PHOENIX, ARIZONA 85004

ANTHONY J. HANCOCK
AMY SCHWARTZ*CA
DAVID L. STOLL*KS
SHIMIN LUO
W. REED CAMPBELL*CA

*ALSO ADMITTED

DAVID L. BEAUGUREAU
(1949-1993)
TERRANCE L. SIMS
OF COUNSEL

TELEPHONE
(602) 956-4438
FAX
(602) 957-6935
E-MAIL
firm@bhsslaw.com


January 7, 2014


**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

United States District Court
Central District of California
312 N. Spring St.
Los Angeles, California 90012-4701

     *Re:*   ***Structured Settlement Hearing***
           ***Pinal County Superior Court Case No: CV201303019***
           ***United States District Court-Central District of California Case No.: Unknown***

Dear Clerk:

      This firm represents Nupoint Funding, LLC, a company which is purchasing structured settlement payments from Christopher Covin, pursuant to A.R.S. § 12-2901 *et seq.* Mr. Covin received his structured settlement when he was a minor, and it was approved by the United States District Court, Central District of California. Under Arizona law, specifically A.R.S. § 12-2903(B), we are required to send a copy of the Application and Notice of Proposed Transfer to the court which approved the minor settlement. We are not asking for any relief from the United States District Court, Central District of California, and provide this to you only in compliance with Arizona state law.

      If you have any further questions, please give me a call.


           Very truly yours,

           *Amy Schwartz/cjw*

           Amy Schwartz

AS:cjw
Enclosures


Doc 132265



G33

89-cv-1032 (HLH)
RETURN RECEIPT REQUESTED

BEAUGUREAU, HANCOCK,
STOLL & SCHWARTZ, P.C.
ATTORNEYS
302 EAST CORONADO ROAD
PHOENIX, ARIZONA 85004

RECEIVED
CLERK, U.S. DISTRICT COURT

JAN 9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 N. SPRING ST.
LOS ANGELES, CA  90012-4701

7010 1670 0001 6746 4444

CERTIFIED MAIL

UNITED STATES POSTAGE
02 1P
0001794085 JAN 07 2014
MAILED FROM ZIP CODE 85004